FILED
SCRANTON

MAR 2 4 2011

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

PER _____
DEPUTY CLERK

BRIAN A. CAMPBELL,

    Petitioner

v.

RONNIE HOLT, WARDEN,

    Respondent.

Civil No. 3:10-CV-1529

(Judge Kosik)

## MEMORANDUM

Petitioner, Brian A. Campbell, commenced this action by filing a pro se Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, on July 23, 2010. (Doc. 1). The case was assigned to Magistrate Judge Thomas M. Blewitt on August 3, 2010. Respondents filed a Response to the Petition on September 9, 2010. (Doc. 12). On December 14, 2010, the Magistrate Judge issued a Report and Recommendation recommending that Petitioner's Petition be dismissed for failure to exhaust his administrative remedies, or in the alternative, that it be denied on the merits. (Doc. 22). Petitioner filed Objections to the Report and Recommendation on December 22, 2010. (Doc. 23). For the reasons that follow, we will adopt the Report and Recommendation of the Magistrate Judge and deny the Petition on the merits.

## Background

Petitioner, Brian A. Campbell, is a federal inmate currently housed at the Canaan United States Penitentiary in Waymart, Pennsylvania. Petitioner is serving a 96 month sentence imposed by the United States District Court for the Northern District of Alabama on September 1, 2004, for being a felon in possession of a firearm. (Doc. 12, Ex. 1). Petitioner's Petition was filed following an altercation in the prison wherein Petitioner "was charged with violation of Bureau of Prisons Prohibited Acts Code(s) 101 and 104, on March 8th 2010." (Doc. 1 at 2). Specifically, Petitioner was "found guilty of the prohibited acts of assaulting any person, in violation of Code 101; and, possession, manufacture, or introduction of a gun,

weapon, sharpened instrument, knife, dangerous chemical, explosive or any ammunition, in violation of Code 104." (Doc. 12 at 1-2). Petitioner was accused of striking another inmate in the head and face with a pad lock attached to a belt.[1]

Petitioner filed a pro se Petition for Writ of Habeas Corpus on July 23, 2010. (Doc. 1). In the Petition, he requests an "Order dismissing the disciplinary report and restoring his good conduct time and privileges, for a hearing conduct on on [sic] 4-22-10 in violation of Mr. Campbell's due process right and Program Statement 5270.08, and retaliatory behavior from BOP staff." (Doc. 1 at 1). Specifically, he alleges that his right to due process was violated during the disciplinary hearing in which he was found guilty of committing the aforementioned prohibited acts of assault and possessing a weapon. (Doc. 1 at 6). Petitioner names "Warden Ronnie Holt, DHO Renda, Captain Breckon, SIS et al." as Respondents.[2]

Respondent filed a Response to the Petition on September 9, 2010. (Doc. 12). In the Response, Respondent argues that the Petition should be dismissed for two reasons: (1) Petitioner failed to exhaust his administrative remedies; and (2) Petitioner's disciplinary hearing complied with all that due process requires. (Doc. 12 at 7). Petitioner filed a Traverse to the Response on November 4, 2010. (Doc. 21). The Magistrate Judge issued a Report and Recommendation on December 14, 2010 recommending that Petitioner's Petition for Writ of Habeas Corpus be dismissed for failure to exhaust his administrative remedies, or in the alternative, be denied on the merits. (Doc. 22). Pursuant to Local Rule 72.3, Petitioner was given fourteen (14) days, after being served with a copy of the Report and Recommendation, to make any objection to the Magistrate Judge's proposed findings, recommendation, or report.

---

[1] Although Petitioner vehemently denies this and appears to argue that he used a trash can– and not a pad lock-- to assault the other inmate. (Doc. 1 at 2,3).

[2] We agree with the Magistrate Judge that "the only proper Respondent in this matter is the person who has custody of the Petitioner, Ronnie Holt, Warden of USP Canaan." (Doc. 22 at n.1). "The only proper Respondent in a petition for writ of habeas corpus is the official having custody of the applicant." Nunez v. Lindsay, 2007 WL 706245, *1, n. 1 (M.D. Pa.); see also 28 U.S.C. §§ 2242, 2243. Accordingly, Respondents DHO Renda, Captain Breckon, SIS, and any other known or unknown individuals must be dismissed from this action. The only remaining Respondent is Warden Ronnie Holt.

Petitioner filed Objections to the Report and Recommendation on December 22, 2010. (Doc. 23).

## Analysis

### Objections to a Report and Recommendation

When objections are filed to a report and recommendation of a magistrate judge, we review de novo the portions of the report to which objections are made. 28 U.S.C. § 636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). Written objections to a report and recommendation must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections." M.D. Pa. Local R. 72.3. We may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); M.D. Pa. Local R. 72.3. Although our review is de novo, we are permitted to rely upon the magistrate judge's proposed recommendations to the extent that we, in the exercise of sound discretion, deem proper. See United States v. Raddatz, 447 U.S. 667, 676 (1980); see also Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

### Exhaustion

A petitioner is required to exhaust his administrative remedies before filing his writ of habeas corpus pursuant to 28 U.S.C. § 2241.[3] See Moscato v. Federal Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996); Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981). Further, an inmate is required to *properly* exhaust administrative remedies before filing suit in

---

[3] Although Section 2241 does not contain a statutory exhaustion requirement, courts in the United States Court of Appeals for the Third Circuit have consistently required an inmate to exhaust his administrative remedies prior to petitioning for a writ of habeas corpus. Moscato v. Fed. Bureau of Prisons, 98 F.3d 757, 760 (3d Cir. 1996) (citing Bradshaw v. Carlson, 682 F.2d 1050, 1052 (3d Cir. 1981) (per curiam)); see also Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000). Exhaustion is required for the following reasons: "(1) allowing the appropriate agency to develop a factual record and apply its expertise facilitates judicial review; (2) permitting agencies to grant the relief requested conserves judicial resources; and (3) providing agencies the opportunity to correct their own errors fosters administrative autonomy." Moscato, 98 F.3d at 761-62 (3d Cir. 1996) (citations omitted). Malvestuto v. Martinez, 2009 WL 2876883 at *2; McCooey v. Martinez, 2010 WL 411744, * 2 (M.D. Pa.).

federal court. Woodford v. Ngo, 548 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91.

The Bureau of Prison's ("BOP") administrative remedy procedure is set forth at 28 C.F.R. §§ 542 et seq. An inmate must first informally present his complaint to staff before filing a request for administrative relief. 28 C.F.R. § 542.13(a). If unsuccessful at informal resolution, an administrative remedy is filed with the warden at the institution where the inmate is confined. 28 C.F.R. at § 542.14(a). If dissatisfied with the response, an appeal can be filed with the Regional Office and then to the Central Office of the BOP. 28 C.F.R. at §§ 542.15(a) and 542.18. An administrative remedy is not fully exhausted until the Central Office has issued a decision on the merits of the claim.

The prisoner need not allege that he has exhausted his administrative remedies. Rather, the burden falls on the respondent(s) to raise the defense of exhaustion. If the court finds that administrative remedies have not been exhausted, then the court must dismiss the action. Proper exhaustion requires compliance with the prison's procedural rules, including deadlines, for filing grievances and appeals. Woodford, 548 U.S. at 88. Exhaustion may be excused where pursuit of administrative remedies would be futile, the agency's actions clearly and unambiguously violate statutory or constitutional rights, or the administrative procedures would be inadequate to prevent irreparable harm. Lyons v. U.S. Marshals, 840 F.2d 202, 205 (3d Cir. 1998).

Respondent attaches the Declaration of John E. Wallace, an attorney advisor for the United States Department of Justice, Federal Bureau of Prisons, at the Federal Correctional Complex at Allenwood, Pennsylvania. (Doc. 12, Ex. 1). Attorney Wallace declares that he "has access to BOP files and records, including records maintained in the ordinary course of business of operating federal correctional institutions and penitentiaries." (Id.). He further

states that although he is "posted at FCC Allenwood, [his] primary responsibility is to address legal issues that arise from the operation of the United States Penitentiary in Canaan Township at Waymart, Pennsylvania." (Id.). In the Declaration, filed on September 9, 2010, Attorney Wallace states that "there is no record that indicates Campbell filed a final administrative appeal with the Office of General Counsel." (Doc. 12, Ex.1 at 3).

Petitioner filed an administrative appeal of his sanction on July 19, 2010. (Id.). Petitioner received a response on July 20, 2010. (Id.). The next step in the grievance process would be for Petitioner to file an administrative appeal with the Office of General Counsel. However, instead of filing his appeal, Petitioner filed the instant Petition for Writ of Habeas Corpus on July 23, 2010. (Doc. 1).

Petitioner now seeks to have us reject the Report and Recommendation of the Magistrate Judge because he filed an appeal with the Central Office on September 13, 2010– nearly two months after commencing this habeas corpus action, and likely in response to the Response by Respondent and the Declaration by Attorney Wallace. (Doc. 23 at 1). "If a petitioner has failed to exhaust his administrative remedies prior to filing a § 2241 petition, the District Court may in its discretion either 'excuse the faulty exhaustion and reach the merits, or require the petitioner to exhaust his administrative remedies before proceeding in court.'" Ridley v. Smith, 179 Fed. App'x 109, 111 (3d Cir. 2006) citing Brown v. Rison, 895 F.2d 533, 535 (9th Cir.1990) (abrogated in part on other grounds by Reno v. Koray, 515 U.S. 50 (1995)). For purposes of this Memorandum, we will excuse Petitioner's failure to exhaust his administrative remedies prior to filing his Petition for Habeas Corpus relief. We do so only because regardless of whether or not Petitioner has properly exhausted his administrative remedies, we will deny the Petition on the merits.

**Merits Analysis**

Since we are not dismissing Petitioner's Petition for failing to exhaust his administrative remedies, we must evaluate the merits of his Petition. Specifically, we must

determine whether Petitioner establishes a valid procedural due process violation, as he alleges. In Wolff v. McDonnell, 418 U.S. 539, 563-67 (1974), the Supreme Court identified the minimum procedural due process rights to be afforded to a prisoner accused of misconduct which may result in loss of good conduct time. The prisoner has (1) the right to appear before an impartial decision making body; (2) twenty-four hour advance written notice of the disciplinary charges; (3) an opportunity to call witnesses and present documentary evidence in his defense when it is consistent with institutional safety and correctional goals; (4) assistance from an inmate representative if the charged inmate is illiterate or complex issues are involved; and (5) a written decision by the fact finder of the evidence relied upon and the rationale behind the disciplinary action. Wolff, 418 U.S. at 563-67; McRae v. Holt, Civil No. 08-0346 (M.D. Pa. 2008); Redding v. Holt, 2007 WL 2155543, *6 (M.D. Pa.).

"[R]evocation of good time does not comport with the minimum requirements of procedural due process, unless the findings of the prison disciplinary board are supported by *some evidence* in the record." Superintendent v. Hill, 472 U.S. 445, 454-55 (1985)(internal citation omitted)(emphasis added).

Petitioner claims that the DHO's denial of his request to view videotape surveillance footage denies his right of procedural due process. (Docs. 1, 21). See Plaisir v. Wells, 2010 WL 3239248 *5 (S.D. Ga. 2010) (stating that the prisoner's due process rights were not violated when the Respondent refused to provide video surveillance materials because the Respondent maintained that the surveillance videos are considered confidential investigative materials and release could compromise the safety and security of the facilities operations). We agree with the Magistrate Judge that "the existence of the alleged videotape surveillance footage that would be of use to the Petitioner is irrelevant in this matter because the DHO still had more than 'some evidence' to rely on in making the decision to sanction the Petitioner." (Doc. 22 at 8). The "evidence included, but is not limited to: the Incident Report as provided by Officer E. Richardson; an eyewitness report of a staff member; documentary evidence from

6

Memorandums dated March 8, 2010; photographs of inmate Wilson and two locks affixed to a sock and one lock affixed to a belt." (Doc. 22 at 8)( See Doc. 12, Ex. 1, Attach. C at §V). After reviewing the Respondents' Response (Doc. 12), we find that the DHO had more than "some evidence" to find that the prohibited acts were committed by Petitioner. See Superintendent, 472 U.S. at 454-55. Moreover, Petitioner was afforded all the procedural due process available to him pursuant to Wolff, 418 U.S. at 563-67. Accordingly, there is nothing in the documents provided to us, nor alleged by Petitioner, that suggests that Petitioner's procedural due process rights were violated.

**Conclusion**

For the aforementioned reasons, we adopt the Report and Recommendation of the Magistrate Judge (Doc. 22). Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is denied on the merits.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

BRIAN A. CAMPBELL,

        Petitioner

v.

RONNIE HOLT, WARDEN,

        Respondent.

Civil No. 3:10-CV-1529

(Judge Kosik)

## ORDER

AND NOW, this 24th day of March, 2011, IT IS HEREBY ORDERED THAT:

(1) The December 14, 2010 Report and Recommendation of Magistrate Judge Thomas M. Blewitt (Doc. 22) is ADOPTED;

(2) Petitioner's Objections to the Report and Recommendation (Doc. 23) are OVERRULED;

(3) Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) is DENIED on the merits; and

(4) The Clerk of Court is directed to CLOSE this case, and FORWARD a copy of this Memorandum and Order to the Magistrate Judge.

                                                          Edwin M. Kosik
                                                          United States District Judge